IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-105-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| KRISTOPHER DANIELS, | ) |
| | ) |
| Defendant. | ) |

This matter came before the court today in accordance with 18 U.S.C. § 4241(d)(1) for purposes of determining whether, following Defendant's medical treatment and evaluation, Defendant has attained the mental capacity to permit the proceedings against him to go forward.

I.

By order dated November 25, 2014, the District Court directed that Defendant Kristopher Daniels ("Defendant") be committed to the custody of the Attorney General for an evaluation in accordance with 18 U.S.C. § 4241 to determine whether there is reasonable cause to believe he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. [DE-29]. Defendant was evaluated, and a report was prepared by forensic psychologists at the Federal Bureau of Prisons Metropolitan Correctional Center in New York, New York.

On February 5, 2015, a hearing was convened, pursuant to 18 U.S.C. §4247(d), at which Defendant, together with his counsel, Geoffrey Hosford, and an Assistant United States Attorney were present. Defendant was afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who might have appeared at the hearing. However, Defendant, through counsel, chose not to object to the

findings of the report or otherwise put on evidence related to mental competency. The psychiatric report indicated Defendant had a limited rational and factual understanding of the proceedings against him, and was not capable of adequately assisting counsel with his defense. The Court determined by a preponderance of the evidence, that Defendant was then suffering from a mental disease or defect rendering him incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [DE-38].

Accordingly, pursuant to 18 U.S.C. § 4241(d)(1), the District Court ordered Defendant committed to the custody of the Attorney General for hospitalization for treatment for such reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future, Defendant will attain the capacity to permit these proceedings to go forward. *Id.* The court ordered at the conclusion of that period of time the mental health care provider conducting or overseeing Defendant's treatment shall prepare and submit to the Court a written report, with copies provided to counsel for Defendant and the Government, detailing his or her professional observations, conclusions and recommendation regarding whether there exists a substantial probability that in the foreseeable future Defendant will attain the capability to permit these proceedings to go forward. *Id.* The court ordered further that upon receipt and consideration by the Court and counsel for the parties of the Forensic Evaluation, the Court will determine whether Defendant should remain hospitalized and receive treatment for an additional reasonable period of time until his mental condition is so improved that proceedings before the Court can continue, or until the pending charges against Defendant are disposed of according to the law, whichever is earlier. *Id.* 18 U.S.C. § 4241(d)(2).

Thereafter, Defendant was evaluated and a written report ("Forensic Evaluation") was

prepared by a forensic psychologist at the Federal Medical Center Butner. On August 26, 2015, the Forensic Evaluation was filed with the court, and copies of the report have been provided to the court and all counsel.

II.

This matter came before the court today for a hearing following Defendant's hospitalization and treatment to determine whether Defendant has attained the capacity to permit the proceedings to go forward in accordance with 18 U.S.C. § 4241(d). At the hearing the government was represented by Assistant United States Attorney Erin Blondel and Defendant, who was present in the courtroom, was represented by Geoffrey Hosford. The court advised Defendant of his rights under 18 U.S.C. § 4247(d). The government argued the findings contained in the Forensic Evaluation of Defendant. According to the Forensic Evaluation, Defendant possesses a rational understanding of the proceedings against him, appreciates his situation in reference to those proceedings, can maintain proper courtroom behavior and can assist his attorney in a reasonable and rational manner if he so chooses. Accordingly, it is the conclusion of the author of the evaluation that Defendant is able to understand the nature and consequences of the proceedings against him and is able to assist properly in his defense. Defendant did not contest the findings of the Forensic Evaluation and offered no evidence to the contrary.

III.

After consideration of the position of the parties and the Forensic Evaluation, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4141(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally

3

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the court finds Defendant's mental condition has improved such that the proceedings against him may go forward.

So ordered, the 22nd day of September 2015.

Robert B. Jones, Jr.
United States Magistrate Judge