IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-105-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KRISTOPHER DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on Defendant's motion to determine competency to stand trial, set for hearing May 11, 2016, which hearing proceeded pursuant to 18 U.S.C. § 4241. After careful consideration of all the evidence presented, the court found Defendant competent to stand trial. This opinion sets forth more particularly the reasons for this determination.

In making a competency determination, the court must decide whether Defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). Here, where Defendant contests his own competence, he must show by a preponderance of the evidence that he is not competent. *Id.*; *Medina v. California*, 505 U.S. 437, 449 (1992).

Defendant did not call any witnesses or present evidence at the hearing. The government called as a witness Judith Campbell, Ph.D., Supervisor, Forensic Psychologist at the Federal Medical Center (FMC) Lexington, Kentucky. Dr. Campbell oversaw Defendant's psychological evaluation that was ordered by the District Court and submitted a forensic evaluation of

Defendant. Where 18 U.S.C. § 4247(b) directs that an examination ordered pursuant to Chapter 313 shall be conducted by a licensed or certified psychiatrist or psychologist, after considering Dr. Campbell's testimony on voir dire, upon the government's motion, this court admitted Dr. Campbell as an expert in the field of forensic psychology, based on her knowledge, skill, training, education and experience, the nature of the subject matter being appropriate for such testimony, and that her testimony would assist the court and is reliable.

According to Dr. Campbell's testimony, Defendant was initially compliant with evaluative procedures and tasks, completing one examination, however Defendant refused to participate in any further evaluative testing and interviews while the FMC Lexington, indicating rather that he was ready to be done with the process and to proceed to court. While the one evaluation Defendant completed indicated Defendant's extremely low and borderline intellectual and cognitive functioning, Defendant's ability to navigate the complex medical facility, combined with observations of Defendant's interactions with staff, family and friends suggests that he is able to compensate for his intellectual limitations. Defendant's intellectual limitations appeared less significant when he was engaged in conversations with friends and family, nor did his deficits prevent him from participating in daily activities. Furthermore, Dr. Campbell suggested measures to alleviate any potential detrimental impact of his deficits in processing, assimilating, remembering and responding to presented information.

When Defendant failed to attend his scheduled appointments with his evaluators, he was located engaging socially with staff or other residents at the FMC. Defendant's interaction with medical staff and facility residents appeared to be in an appropriate and relaxed manner. Defendant did not display any functional impairments or any problems understanding or

2

following directions by correctional staff when unrelated to his evaluation. In monitored telephone calls with friends and family, Defendant expressed sophistication and an understanding of the purpose and procedures of the evaluation process, an awareness of his court case, and Defendant spoke directly about his refusal to participate in the evaluation process and affirmed he was ready to proceed to court.

Defendant's unwillingness to participate in the evaluative process appeared to be more of a result of his diagnosed anti-social personality disorder than of a mental disease or defect, or any condition that would rise to the level of preventing him from either understanding the proceedings against him or assisting in his defense. Defendant's anti-social personality disorder itself fails to rise to the level of a mental disease or defect that would prevent him from understanding the charges against him or assisting in his defense.

Based on the court's careful consideration of Dr. Campbell's testimony, the forensic report submitted to the court, and argument by counsel, the courts finds Defendant has failed to carry his burden of showing by a preponderance of the evidence that he is not competent.

In accordance with 18 U.S.C. § 4241(f), the court's finding that Defendant is mentally competent to stand trial shall not prejudice Defendant in raising the issue of insanity as a defense to the offense charged, nor shall it be admissible as evidence in a trial for the offense charged.

So ordered, the 13th day of May 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

3